Mary Jo O'Neill, AZ Bar #005924
Andrea G. Baran, MO Bar #46520
Richard I. Sexton, PA Bar #202584
**Equal Employment Opportunity**
**Commission, Phoenix District Office**
3300 N. Central Ave., Suite 690
Telephone: (602) 640-5049
Fax: (602) 640-5003
Email:  mary.oneill@eeoc.gov
         andrea.baran@eeoc.gov
         richard.sexton@eeoc.gov

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Equal Employment Opportunity Commission, | ) ) ) Case 4:13-cv-01279-DCB |
| Plaintiff, | ) ) **Plaintiff EEOC's Motion to Quash or, in the Alternative, Modify Subpoenas Pursuant to Rule 45 and for Protective Order Pursuant to Rule 26** |
| vs. | ) ) ) |
| CTI, Inc, | ) ) **(Expedited Ruling Requested)** |
| Defendant. | ) ) ) |

The EEOC moves this Court to quash seven subpoenas Defendant issued to different employers seeking information that is unrelated and irrelevant to the claims and defenses alleged in this case. Defendant's subpoenas are overbroad on their face, and it has not and cannot meet its burden to show that the subpoenas are reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, the EEOC requests that this Court quash the outstanding subpoenas or alternatively modify the subpoenas and issue a protective order limiting CTI's overbroad requests.

**I. Background**

The EEOC filed this action on September 30, 2013, alleging that CTI failed to accommodate several employees with known disabilities and instituted or maintained a policy or practice of terminating employees at the exhaustion of their FMLA leave. Dkt. 1. The EEOC is seeking relief on behalf of Elizabeth Barr, Myron Pruett, and other aggrieved individuals for violations of the ADAAA.

On February 14, 2014, Defendant issued seven subpoenas to former employers of Elizabeth Barr and Myron Pruett. More specifically, these subpoenas are directed to Ms. Barr's and Mr. Pruett's employers after Defendant terminated their employment. The subpoenas request the following information:

> All: application(s) for employment, interview note(s), resume(s), payroll history and benefits information, documents related to employee leave(s), dates of employment, reason(s) for leaving employment, records of discipline, performance, termination, grievances, and workplace claims.

*See* Subpoenas, attached as Exhibit A.[1]

The parties have discussed the scope of the subpoenas and while Defendant was willing to make some minor modifications to its subpoenas, the EEOC believes that the

---

[1] The subpoenas issued to the Coconino County and City of Bull Head City contain slightly different language and requests "All documents in the complete employee file(s) of Myron Pruett . . . ." *See* Ex. A. Despite the limiting language cited above, this request could be construed as a blanket request for any and all documents in Mr. Pruett's personnel file. It is well settled that blanket requests for all personnel records are "overbroad on their face amounting to a fishing expedition." *EEOC v. Evening Entertainment Group, LLC*, No. CV 11-01870, 2012 WL 2357261, at *1 (D. Ariz. June 20, 2012) (Martone, J.) (citations omitted). Therefore, the EEOC asks this Court to quash the two subpoenas to Coconino County and City of Bullhead City in their entirety.

modifications Defendant made remain overbroad and continue to seek irrelevant information.[2] In particular, the following categories are overbroad and seek information that is not reasonably calculated to lead to the discovery of admissible evidence: interview notes, documents related to employee leave(s), records of discipline, performance, termination, grievances, and workplace claims.  The EEOC therefore seeks appropriate relief from this Court.

**II. Standard of review**

Although the scope of discovery is broad, it is not infinite. Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery of any non-privileged matter that is *relevant* to any party's claim or defense. *See Chamberlain v. Farmington Sav. Bank*, No. 3:06CV01437, 2007 WL 2786421, at *1 (D. Conn. Sept. 25, 2007) ("It is well settled that the scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26."). In order to be relevant, the information requested must appear to be reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Parties may not engage in a "fishing expedition" in an attempt to obtain evidence to support their claims or defenses. *See EEOC v. Evening Entertainment Group LLC*, No. 11-01870, 2012 WL 2357261, at *1 (D. Ariz. June 20, 2012) (Martone, J.).  *See also Lewin v. Nackard Bottling Co.*, No. 10-8041, 2010 WL 4607402, at *1 (D. Ariz. Nov. 4, 2010) (Martone, J.) (quashing overbroad subpoenas for personnel files of former

---

[2] The parties were unable to resolve this discovery dispute after personal consultation and sincere effort pursuant to Local Rule 7.2(j) which involved both written correspondence and several telephone calls.  *See* Certification, attached as Exhibit B.

employers where subpoenas not reasonably calculated to lead to the discovery of admissible evidence, and likely an impermissible use of propensity evidence).

## III. Standing

The EEOC has standing to move to quash these subpoenas because the EEOC filed this action seeking relief on behalf of these claimants whose information is the subject of Defendant's subpoenas. These claimants have a privacy interest in the documents Defendant seeks, and Defendant's overbroad subpoenas would cause these claimants annoyance, embarrassment, oppression, and inappropriately impose on the third parties subpoenaed.

The Ninth Circuit, as well as district courts in Arizona, have repeatedly held that "an individual possesses a personal right with respect to information contained in employment records and, thus, has standing to challenge such a subpoena" *See Blotzer v. L-3 Communications Corp.*, 287 F.R.D. 507, 509 (D. Ariz. 2012). *See also Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1034 (9th Cir. 1990) (recognizing that employee personnel files are confidential in nature); *Barrington v. Mortage IT, Inc.*, No. 07-61304, 2007 WL 4370647, at *2 (S.D. Fla. 2007) (collecting cases).

The EEOC may assert these rights on behalf of these claimants. Courts have interpreted Federal Rule of Civil Procedure 26(c)(1) to mean that the EEOC has standing to move to quash a subpoena seeking documents from  employers regarding the individuals for whom the EEOC seeks relief.  *See EEOC v. Serramonte*, 237 F.R.D. 220, 223 (N.D. Cal. 2006) ("The EEOC has standing to move to quash. It is immaterial that it has no standing to object as the non-recipient of the subpoenas, since it has standing as

Plaintiff to file a motion to quash on all the same grounds."). *See also EEOC v. Unit Drilling*, No. 13-CV-147-TCK-PJC, 2014 WL 130551, at *3 (N.D. Okla. Jan. 13, 2014) (finding that the EEOC has standing to quash subpoenas for employment records to protect the privacy rights of the employees it is seeking relief for). As a named party, the EEOC also has standing to seek a protective order under Rule 26. Fed.R.Civ.P. 26(c).

**IV. Argument**

The EEOC asks this Court to quash Defendant's subpoenas and/or grant the EEOC a protective order forbidding Defendant from obtaining the discovery it seeks through these subpoenas. The EEOC makes this request because Defendant's subpoenas are overbroad, seek irrelevant information, and are not targeted to gather admissible evidence. If the Court finds that the subpoenas should not be quashed in their entirety, the EEOC moves the Court to substantially modify the subpoenas to limit their over-reaching scope.

**A.      The subpoenas are overbroad and seek irrelevant information.**

Many of the categories requested in Defendant's subpoenas are overbroad and are not reasonably calculated to lead to the discovery of admissible evidence. In particular, Defendant's requests for interview notes, documents related to employee leave(s), records of discipline, performance, termination, grievances, and workplace claims, from employers subsequent to CTI amount to nothing more than a fishing expedition. In fact,

numerous courts have specifically stated that several of the categories Defendant now

seeks are inadmissible, and thus, not discoverable.

For example, courts have routinely quashed subpoenas that seek information from

a victim's former employer about other grievances or workplace claims.  *See e.g.*, *EEOC*

*v. Evening Entertainment Group LLC*, No. 11-01870, 2012 WL 2357261, at *1 (D. Ariz.

June 20, 2012) (Martone, J.) (quashing subpoenas seeking complaints, grievances, or

claims filed by discrimination victim); *Chamberlain v. Farmington Savings Bank*, 2007

WL 2786421, at *4 (D. Conn. Sept. 25, 2007) (quashing subpoenas for "file relating to

complaints"); *Brown v. Yellow Transp., Inc.*, 2009 WL 3270791, at * 2 (N.D. Ill. Oct. 9,

2009) (quashing subpoenas for "complaints or charges").  Similarly, courts have held that

evidence regarding interview notes, work performance, disciplinary actions, and

terminations at other employers is inadmissible under Rule 404(a) of the Federal Rules of

Evidence, and therefore, not discoverable.  *See Serramonte*, 237 F.R.D. at 223 (citing

*Rauh v. Coyne, et al.*, 744 F.Supp. 1181, 1184 (D.D.C. 1990).  *See also* Fed. R. Evid.

404(a) (evidence of a trait or character to prove conduct in conformity therewith on a

particular occasion is inadmissible); *Chamberlin*, 2007 WL 2786421 at *3 (holding that

the plaintiff's performance history and interview notes at other employers is not relevant

to any issues involved in the case and not discoverable); *Cannata v. Wyndham Worldwide*

*Corp.*, No. 2:10-cv-00068, 2011 WL 3794254, at *3, *5 (D. Nev. Aug. 25, 2011)

(quashing subpoenas seeking plaintiffs' post-Wyndham employment records relating to

job performance, disciplinary actions, and terminations).

Because the categories listed in Defendant's subpoenas are overbroad and are not reasonably calculated to lead to the discovery of admissible evidence, the EEOC asks this Court to quash the subpoenas in their entirety, or alternatively, modify the subpoenas and issue a protective order limiting Defendant's overbroad requests.

**B.    Even if the Subpoenas seek discoverable evidence, they must still be limited pursuant to Federal Rule of Civil Procedure 26(b)(2)(C).**

Even if the subpoenas seek discoverable information, this Court has discretion to curtail inquiries into otherwise discoverable and relevant evidence in appropriate cases. For example, the Federal Rules provide that "the court must limit the frequency or extent of discovery otherwise allowed by these rules" if it finds that the information sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed.R.Civ.P. 26(b)(2)(C).  *See also Serramonte*, 237 F.R.D. at 223 (quashing subpoenas holding that employment records were cumulative and duplicative because EEOC had and continued to produce documents relating to plaintiff's mitigation of damages).

Here, similar to the situation in *Serramonte*, the EEOC has and will continue to produce documents showing wages earned by Ms. Barr, Mr. Pruett, and any other aggrieved individual in which EEOC is seeking back pay for.  In fact, as of the date of this motion, the EEOC has produced to Defendant all W-2 forms[3] and all tax returns for Ms. Barr and Pruett from the date of their termination from CTI to the present.

---

[3] EEOC is still waiting for Myron Pruitt's 2013 W-2 form and will produce once received.

Therefore, the request for payroll history and benefits information is unreasonably cumulative and duplicative.[4]  *See Serramonte*, 237 F.R.D. at 223.  Furthermore, even if certain types of evidence were admissible and discoverable, there are more convenient, less burdensome, or less expensive ways to get the information than subpoenaing several non-party employers.  *See* Fed.R.Civ.P. 26(b)(2)(C).  *See also Evening Entertainment*, 2012 WL 2357261 at *2 (citing Fed.R.Civ.P. 45(c)(1)) (holding that evidence of prior complaints might be obtained without imposing the expense and burden on her non-party former employers).  For example, with respect to other complaints or grievances, Defendant can simply depose Ms. Barr, Mr. Pruett, or any other aggrieved individual and ask them about past complaints or grievances they have filed.  Defendant can also seek this information using interrogatories or requests for production of documents.  Simply put, there are easier and less burdensome ways to obtain the information Defendant is looking for.  The EEOC asks this Court to require Defendant to use those less burdensome methods of discovery prior to issuing any subpoenas to non-party employers' of Ms. Barr, Mr. Pruett, or any other aggrieved individual.

**V. If the subpoenas are not quashed, the EEOC requests that the Court enter a protective order modifying the subpoenas to limit their scope.**

If the Court does not quash Defendant's seven subpoenas because they are impermissibly overbroad and/or seeks irrelevant information, the EEOC requests that the Court enter a protective order to modify the subpoenas, limiting them to requests

---

[4] Although the category of payroll history and benefits information is unreasonably cumulative and duplicative, the EEOC does not seek to exclude that category should the court uphold the subpoenas.

reasonably calculated to lead to discovery of admissible evidence and subject to a protective order.  Courts have the authority to issue protective orders forbidding discovery or prescribing an alternate discovery method in order to shield a "party or person from annoyance, embarrassment, oppression, or undue burden  . . ." upon a showing of good cause. Fed.R.Civ.P. 26(c)(1). This good cause showing is "highly flexible, having been designed to accommodate all relevant interests as they arise." *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008).

Because individuals have a privacy interest in their employment records, there is good cause for entry of a protective order.  In particular, the EEOC asks that the subpoenas be modified to require production of only dates of employment, wages and benefits received, and reason for separation of employment.  *See EEOC v. Unit Drilling*, No. 13-CV-147, 2014 WL 130551, at *4 (N.D. Okla. Jan. 13, 2014) (providing guidance that employment information after the alleged discrimination should be limited to dates of employment, reason for leaving job and mitigation evidence such as wage and benefits data).  These modifications will provide Defendant with any information that is arguably relevant to the issues in this case while protecting the claimants from the effects of an unnecessary fishing expedition into their work history.

For all of the foregoing reasons, the EEOC requests that this Court quash the outstanding subpoenas or alternatively modify the subpoenas and issue a protective order limiting Defendant's overbroad requests.

RESPECTFULLY SUBMITTED, this 21st day of February 2014.

MARY JO O'NEILL
Regional Attorney

Andrea G. Baran
Supervisory Trial Attorney

*/s/ Richard I. Sexton*
Richard I. Sexton
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Phoenix District Office
3300 N. Central Ave., Ste. 690
Phoenix, AZ 85012

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on this 21st day of February, 2014, a true and correct copy of the foregoing was mailed, first class, postage prepaid and emailed, to:

Paul A. Relich
**Law Offices of Paul A. Relich, P.C.**
8230 E. Broadway Blvd., Suite E-8
Tucson, AZ 85710

Attorney for Defendant

*/s/ Richard Sexton*
Trial Attorney